UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JORGE A. TORRES, JR., on behalf of
minors S.T.R., M.A.T.R., N.T.R.,
Y.T.R., and L.T.R.,

    Petitioner,

v.   Case No:  5:16-cv-254-Oc-30PRL

AMY TOOLEY and FLORIDA
DEPARTMENT OF CHILDREN
AND FAMILIES,

    Respondents.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner Jorge A. Torres, Jr.'s Emergency Petition for Writ of Habeas Corpus (Doc. 1) seeking the release of his five children who were allegedly removed from his home by the Florida Department of Children and Families.  Although it is difficult to tell from the petition precisely what occurred, Petitioner alleges that his children were removed to an unknown location on March 29, 2016, by Amy Tooley and the Department of Children and Families following a false report from Interpol.  Petitioner asserts that the removal of his children was

unconstitutional and requests that the Court order the "production" of his children and hold a status conference as to the welfare and whereabouts of his children.[1]

Whether the Court construes the petition as brought pursuant to 28 U.S.C. § 2241(c)(3) or 28 U.S.C. § 2254(a), the Court does not have jurisdiction to consider the petition. *See Staley v. Ledbetter*, 837 F.2d 1016, 1018 n.3 (11th Cir. 1988) (noting that § 2254 "does not confer federal court jurisdiction over challenges to state court child custody proceedings" (internal quotation marks omitted); *see also Lehman v. Lycoming Co. Children's Servs.*, 458 U.S. 502, 511 (1982) ("[F]ederal habeas has never been available to challenge parental rights or child custody."); *Louis v. Fla. Dep't of Children & Families*, No. 15-80111-CIV, 2015 WL 427825, at *2 (S.D. Fla. Feb. 2, 2015) (concluding that the court lacked jurisdiction to consider a habeas petition requesting the release of petitioner's children from state custody); *Martin v. Chiles*, 763 F. Supp. 1133 (S.D. Fla. 1991) (concluding that jurisdiction over a habeas petition challenging child custody did not exist under § 2241 or 2254).

Thus, it is not appropriate for Petitioner to seek the return of his children in this Court through a writ of habeas corpus.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Petitioner Jorge A. Torres, Jr.'s Emergency Petition for Writ of Habeas Corpus (Doc. 1) is DISMISSED.

---

[1] Petitioner argues that he was previously granted relief from the District Court for the Middle District of Pennsylvania when his children were taken from him on a prior occasion. (Doc. 1). However, a review of *Torres v. Ramirez*, No. 3:14-CV-01064 (M.D. Penn. Oct. 19, 2014), reveals that Petitioner's prior petition was dismissed as moot. The court did indicate, however, that it was unlikely that Petitioner would be entitled to habeas relief. *Id.*

2. The Clerk is directed to deny any pending motions as moot and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 31st day of March, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record